IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AUBREY LEE LANG, #407-459   *

Petitioner,   *

v   *   Civil Action No.  JFM-15-1656

MARYAND PAROLE COMMISSION,   *

Respondent.   *

**MEMORANDUM**

Aubrey Lee Lang ("Lang") is petitioning for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (ECF 1).   Respondent,  the Maryland Parole Commission ("Commission"), by its counsel, has filed an answer seeking dismissal of the petition for lack of exhaustion.  (ECF 8).

After considering the pleadings, exhibits, and applicable law, the court finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2014).  For reasons to follow, the court will dismiss the petition without prejudice for lack of exhaustion.

**BACKGROUND**

Lang filed this petition on June 5, 2015, complaining he had not received a revocation hearing within sixty days and seeking his release. (ECF 1, p. 8).  At that time, Lang was confined at the Maryland Reception Diagnostic & Classification Center and was facing charges involving controlled danger substances ("CDS') in the Circuit Court of Maryland for Baltimore City under case number 115061011. (ECF 1, 8).[1]

Respondent states in the answer that Lang had requested a postponement of his revocation hearing on June 12, 2015, and it had been rescheduled pending his criminal trial.

---

[1] Lang is presently housed at Western Correctional Institution in Cumberland, Maryland.

(ECF 8 n. 2, ECF 8-2). [2] Respondent also states that Lang has not filed any petitions for habeas corpus relief in state court presenting the issue raised here. (ECF 8-3, *see also* ECF 1, pp. 7-9).

Lang subsequently requested and was granted an extension of time to file a reply to respondent's answer. (ECF 13, 15).  Lang has failed to reply.

## DISCUSSION

Respondent seeks to dismiss the petition based on Lang's failure to exhaust available state court remedies.  Pursuant to the exhaustion requirement codified in 28 U.S.C. § 2254(b) and (c), and absent a valid excuse, a state prisoner seeking federal habeas corpus relief must initially present each of his claims to the state court with jurisdiction to consider them. *Gray v. Netherland*, 518 U.S. 152, 161–65 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). To satisfy the exhaustion requirement, a state prisoner must "fairly present" the claim "in each appropriate state court...." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  If a federal habeas petition presents both exhausted and unexhausted claims and state court review is available, the petition must be dismissed in its entirety unless the state, through counsel, expressly waives the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994).

Respondent asserts that because Lang did not seek state court review of his claim, it is unexhausted.  Lang has not provided information to show his claim has been exhausted or to dispute respondent's exhibits.  Consequently, the petition is subject to dismissal for failure to

---

[2] The electronic docket reveals that Lang pleaded guilty to CDS distribution on September 28, 2015.
*See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=115061011&loc=69&detailLoc=DSK8.

exhaust state court remedies.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability issues only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683–84 (4th Cir. 2001). Lang has not made the requisite showing.

## CONCLUSION

For the foregoing reasons, the court will dismiss the petition without prejudice for lack of exhaustion and deny a certificate of appealability. A separate order reflecting this opinion shall follow.


October 13, 2015                             __/s/_____
Date                                         J. Frederick Motz
                                             United States District Judge